IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| FRANCISCO ORTIZ | * | |
| | * | |
| v. | * | Civil Case No. AW-11-2317 |
| | * | Crim Case No. AW-09-598 |
| UNITED STATES OF AMERICA | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Before the Court is a Motion/Petition to Vacate filed by the Petitioner/Defendant, Francisco Ortiz for relief pursuant to 18 U.S.C. § 2255. On November 18, 2009 a Federal Grand Jury for the District of Maryland charged Petitioner and others of conspiracy to participate in a racketeering enterprise, in violation of 18 U. S. C. § 1962 (d). Petitioner was one of 19 persons charged in various offenses associated with a street gang called the Latin Kings. On August 25, 2010, Petitioner pled guilty to the indictment. A presentence report was ordered and Petitioner appeared for sentencing on December 1, 2010. Consistent with the plea agreement, the Court determined that the guideline range carried a final adjusted n offense level of 39 and a criminal history category of I—which resulted in an advisory guideline range of 262 months to 327 months. Following arguments by the respective parties, the Court sentenced Petitioner to a low end sentence of 262 months. In the plea agreement, Petitioner waived his right to appeal and no appeal was taken. Petitioner timely filed the present Motion on August 19, 2011 and presents four claims in support of his Motion which he contends entitle him to relief.

First, Petitioner asserts that his counsel committed ineffective assistance of counsel in not filing an appeal as Petitioner requested. Second, Petitioner argues that his counsel was

1

ineffective in failing to challenge the statues in which Petitioner was charged with, in that the statutes which Petitioner pled guilty to and was subsequently sentenced under did not [in Petitioner's view] "constitute crimes having [been] committed"—thereby "making [in Petitioner's view] the sentence illegal." Third, Petitioner argues that the Court improperly sentenced and enhanced his offense level with a leadership role enhancement when in fact, [Petitioner posits] he was actually a minor participant. Petitioner's fourth and final claim is that "the Court committed sentencing error where it was confused as to whether it may impose a sentence below the recommended guidelines, in that, absent this error, there is a great possibility that the sentencing court would have imposed a sentence below the guidelines." The court has reviewed the submission by the parties together with the record and the matter is now ripe for resolution. In his first two claims, Petitioner argues that he was denied the effective assistance of counsel. The Court reviews his allegations under the well- established standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), under which a claimant must establish the two prong standard of deficient performance and prejudice. In other words, in order to succeed on his claim of ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient in that counsel made errors so serious that he ceased to function as a counsel within the meaning of the Sixth Amendment, and that the alleged deficient performance prejudiced the defense. Id.

First, the Petitioner must show that counsel's representation "fell below an objective standard or reasonableness", as measured by prevailing professional norms. Id at 688. Courts should be deferential in this inquiry, and have "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id at 689. The Petitioner must, therefore, overcome the presumption that the representation "might be considered sound trial

strategy." Second, Petitioner must demonstrate that counsel's inadequate performance prejudiced him. Id at 687. Here, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id at 694. A reasonable probability, in turn, is defined as "a probability sufficient to undermine confidence in the outcome." In cases where a conviction has been the result of a trial, Petitioner must demonstrate that but for counsel's errors, there is a reasonable probability that he would not have been convicted. With these legal principles in mind, the Court now turns to Petitioner's arguments.

The first two arguments which are premised upon ineffective assistance of counsel will not detain the Court long. Petitioner claims that his attorney was ineffective in not filing an appeal which was requested. It is certain true that an attorney breaches his duty and renders ineffective assistance of counsel if he fails and neglects to note and appeal as requested and directed by the defendant even if filing an appeal is contrary to the waiver of appeal as negotiated in the plea agreement. See, *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir.2007). Yet *Poindexter* cannot be stretched beyond its intended reach. *Poindexter* held that an attorney is required to file a notice of appeal when unequivocally instructed to do so. In that case, the record was unclear and the Fourth Circuit assumed that Poindexter instructed his attorney to file an appeal. The Fourth Circuit went on to reverse the District Court for declining to resolve the factual dispute concerning whether Poindexter unequivocally instructed his attorney to file a timely notice of appeal. Only where the record is unclear must the District Court hold a hearing.

Here, the record is not in dispute. The Government has submitted a comprehensive affidavit from trial counsel (Exhibit E) which details his representation of Petitioner, his

explanations to Petitioner of the negotiated plea and the risks of going to trial, and the decisions made by Petitioner.  Counsel also indicated in his affidavit that Petitioner did not direct counsel to file an appeal and [that Petitioner] never indicated or communicated in any manner a desire that counsel file an appeal on his behalf.  Petitioner has not filed a counter affidavit.  The Court has searched the record, the docket and has searched its chambers file and has found no letters, no communications or anything from Petitioner requesting or inquiring as to the status of an appeal.  Following his sentencing on December 1. 2010, the record is completely absent of anything ("not a peep") from Petitioner about an appeal until over eight months later when Petitioner filed his one sentence, conclusionary statement in his § 2255 claim "counsel was ineffective  insofar as he failed to file an appeal as so directed by movant."  Unlike the situation in Poindexter, the record here is not unclear nor is there any meaningful dispute in the record regarding whether Petitioner requested his attorney to file an appeal.  We have a detailed affidavit, a negotiated waiver of appeal clause in the plea agreement, a Rule 11 plea colloquy where the Court advised Petition with respect to the waiver of his rights, [including, a waiver of his right to appeal] which Petitioner acknowledged under oath, and a final admonition to Petitioner by the Court on the date of sentencing of his right to note his appeal with the Fourth Circuit.  In the context of all of the circumstances surrounding Petitioner's guilty plea and sentencing, together with the overall record, there is nothing to support Petitioner's claim that he unequivocally directed his counsel to appeal.  The Court determines that Petitioner's one sentence statement and claim that he directed his counsel to appeal in the face of other clear evidence is but a bald allegation and is utterly without merit.  No hearing is required.

      Nor will Petitioner's second claim of ineffective assistance of counsel fare any better.  Petitioner asserts   that his counsel was ineffective in not challenging the statutes he pled to and

was sentenced under. Petitioner seems to further argue that his conduct and actions were not crimes under the statutes and his sentence was illegal. Petitioner's claim here is devoid of merit. Petitioner and his counsel negotiated and signed a plea agreement. In addition, Petitioner pled guilty under oath, acknowledged that he was guilty, waived his constitutional rights, and conceded that his counsel did everything Petitioner asked of him and that he [Petitioner] had no complaints about counsel's representation. Moreover, Petitioner cannot establish under the standard of Strickland v. Washington, 466 U.S. 668, 687 (1984), that his counsel's performance was deficient in that counsel made errors so serious that he ceased to function as a counsel within the meaning of the Sixth Amendment, and that the alleged deficient performance prejudiced the defense. Petitioner's second claim based upon ineffective assistance of counsel is rejected as meritless.

Next, Petitioner challenges the leadership enhancement and claims that he was only a minor participant. The problem here for Petitioner is that he negotiated a plea which resulted in Petitioner signing a plea agreement which contained a 5 page detailed and elaborate stipulation of facts (Attachment A) which Petitioner accepted and acknowledged under oath as true during the Rule 11 proceeding. (See exhibit B of Government's Response). Claiming now that the stipulated facts he agreed to [describing him as a major player and having assumed a leadership role in the violent gang activities] was not really accurate and that [in truth] he was only a minor participant, is bordering on the comical but at any rate this claim is unconvincing to this Court.

Petitioner's final claim is that the Court committed sentencing error where it was confused as to whether it could have imposed a sentence below the recommended guidelines. While the Court must confess that there have been occasions when the Court, indeed, has been confused, baffled, and vexed by some of the spurious claims, and courtroom drama which the

Court has observed during some 17 years sitting as a Federal District Judge, [yet], the Court does not believe that the sentencing of Petitioner in this case was driven by any confusion. The Court has reviewed the transcript of the December 1, 2010 sentencing (Exhibit D) and is satisfied that the Court was aware that it could vary below the recommended guidelines but declined to do so—finding that the guideline range in the circumstances of this case and of Petitioner's role adequately promoted and took into consideration the factors required under 18 U.S.C § 3553 (a). This claim, therefore, is without merit and must be denied.

In sum, the Court has reviewed the current pleadings and the entire files relative to the present motion as well as the underlying criminal case. The Court concludes that Petitioner has failed to demonstrate a legal and cognizable basis for relief. Accordingly, the Petitioner's motion pursuant to § 2255 is DENIED.

A Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of the Motion. See 28 U.S.C. § 2253 (c) (1) "A [Certificate of Appealability, or COA]" may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id* at § 2253 (c) (2). To meet this burden an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983). Here the Court had concluded that Petitioner was not the victim of ineffective assistance of counsel and that the Court did not err in either adjusting for a leadership role and in not sentencing Petitioner below the guideline sentence. It is the Court's view that Petitioner has raised no arguments which causes this Court to view the issues as debatable, or finds that the issues could

have been resolved differently, or to conclude that the issues raise questions which warrant further review. Accordingly, the Court denies a Certificate of Appealability.

A separate Order will be issued.

Date:  December 30, 2011

                                                                  /s/
                                                Alexander Williams, Jr.
                                                United States District Judge